IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV56-03-MU

| | |
|---|---|
| HAIBER MONTEHERMOSO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT OF )<br>CORRECTIONS; NORTH CAROLINA )<br>DIVISION OF PRISONS; PIEDMONT )<br>CORRECTIONAL INSTITUTION; )<br>ALVIN KELLER, JR; BOB LEWIS; )<br>FNU BROWN-RAY; TODD PINION, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 filed May 14, 2009 (Doc. No. 1). A review of Plaintiff's Complaint reveals that Plaintiff is complaining about allegations that occurred while housed at Piedmont Correctional Institution which is situated in the Middle District of North Carolina. Upon careful consideration by the Court, for the reasons set forth herein, the Plaintiff's Complaint will be transferred to the federal District Court for the Middle District of North Carolina.

According to his Complaint, the Plaintiff is an inmate who is currently confined in Hyde Correctional Institution, alleges that while housed at Piedmont Correctional Institution, he was forced to perform a work assignment in the kitchen which was inconsistent with his medical condition and his request to attend school was denied because he is a Latino. Plaintiff also contends that he was transferred to another institution as a result of filing a grievance concerning his claim.

1

It is clear that this Court doe not have the authority to entertain the merits of Plaintiff's Complaint.  Indeed, venue in a civil action based upon a federal question, i.e. alleged violations of an inmate's civil rights is proper in : 1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).

Here, Plaintiff complains of events that occurred exclusively at Piedmont Correctional Institution.  The Court has taken judicial notice that Piedmont Correctional Institution is located in Salisbury, North Carolina which is situated within the Middle District of North Carolina.  Consequently, because the face of the instant Complaint does not support a finding that the events giving rise to the claim occurred in the Western District of North Carolina, but instead took place in the Middle District, this Court will not entertain the merits of Plaintiff's claim and will transfer this Complaint to the Middle District of North Carolina..

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Plaintiff's Complaint is **TRANSFERRED** to the federal District Court for the Middle District of North Carolina.

**SO ORDERED**.

Signed: June 1, 2009

Graham C. Mullen
United States District Judge